# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOHN CHUPP, | ) | |
|       Petitioner, | ) | |
| v. | ) | No. 1:11-cv-352-WTL-TAB |
| SUPERINTENDENT, Correctional Industrial Facility, | ) ) ) | |
|       Respondent. | ) | |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of John Chupp for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I.

### A.

Chupp asserts that he was denied the effective assistance of counsel in his direct appeal and that there were various infirmities in the trial itself. He also claims to be innocent. The respondent asserts that Chupp's habeas petition was not timely filed. Chupp has replied to the respondent's argument.

### B.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

**C.**

The facts pertinent to the computation of the statute of limitations are the following:

!   Chupp was convicted in an Indiana state court in 1982 of burglary, criminal confinement, and robbery.

!   Chupp's direct appeal was decided in *Chupp v. State,* 509 N.E.2d 835 (Ind. 1987).

!   In 1989, Chupp filed a petition for state post-conviction relief. On June 7, 1990, Chupp moved to amend the petition. On September 2, 1990, Chupp moved and was permitted to withdraw the petition without prejudice. On September 21, 1995, Chupp again filed a petition for post-conviction relief. Subsequently, Petitioner withdrew the petition in March of 1998.

!   Chupp signed this petition for writ of habeas corpus on March 8, 2011.

**D.**

The legal significance of the foregoing facts is the following:

!   The Indiana Supreme Court affirmed Chupp's convictions on July 2, 1987. Therefore, Chupp's conviction was final on September 30, 1987, the last day on which he could have filed a petition for writ of certiorari. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).

!   Chupp's direct appeal, and his conviction became final, prior to the April 23, 1996, effective date of the AEDPA. *Tidmore v. State,* 637 N.E.2d 1290 (Ind. 1994). A 1-year grace period applies to petitioners whose convictions were final prior to the effective date of the AEDPA. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996) (en banc), *reversed on other grounds,* 521 U.S. 320 (1997). That describes Chupp's situation. He therefore had through April 24, 1997, in which to file his federal habeas petition. See *Fernandez v. Sternes,* 227 F.3d 977, 978 (7th Cir. 2000).

!   Because a properly filed post-conviction petition was pending until November 28, 2005, the statute of limitations was tolled prior to November 28, 2005. See 28 U.S.C. § 2244(d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court). The statute began to run the following day and expired one year later, on November 29, 2006.

!   Other post-conviction filings in the state courts followed, but none had any effect on the computation or expiration of the statute of limitations. *Teas v.*

*Endicott,* 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under § 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

! Chupp signed his petition for writ of habeas corpus on March 8, 2011. It can be considered to have been filed on the date he signed the petition. *Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999). However, this date was more than four (4) years after the statute of limitations had expired.

Chupp's habeas petition thus was not filed within the time permitted by the applicable statute of limitations. He seeks to overcome the barrier posed by the statute of limitations by suggesting that this was not a legitimate argument for the respondent to make in response to the court's order to show cause. Not so.

### E.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Chupp has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

### II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Chupp has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 07/06/2011

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana